

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00255-CR

HUBERT EARL TEAGUE III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas,
Trial Court No. 80,847-E-CR, Honorable Douglas Woodburn, Presiding

July 14, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

After Appellant, Hubert Earl Teague III, was convicted by a jury of online solicitation of a minor and sentenced to six years' confinement,[1] he brought this appeal. His counsel filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

The appellate record indicates that in late March 2021, Appellant sent a text

---

[1] *See* TEX. PENAL CODE ANN. § 33.021(c) (a second-degree felony).

[2] *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

message to an undercover police officer posing as "Shelby," a sixteen-year-old female purportedly staying in a Potter County, Texas motel. Appellant obtained "Shelby's" contact information through a website known for advertising prostitution and online solicitation. After confirming that Appellant was in the area, "Shelby" asked Appellant if he cared how old she was because "some guys arent ok having sex with a 16 year old."

Eventually, after "Shelby" produced photos of a female undercover officer at the motel's location in an effort to answer Appellant's numerous requests to provide proof of age, Appellant exchanged his own photo and said he was on his way. "Shelby" asked if Appellant had any condoms; he replied, "No, I don't. But I'm fixed anyways. Can't get anyone pregnant." He later attempted to reassure "Shelby," "I got a vasectomy so nothing comes out that can do anything." Appellant was arrested when he approached the door of the motel room.

Texas Penal Code § 33.021(c) provides in relevant part that a person commits an offense if the person, over the Internet, by text message or other electronic message service, "knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person." The term "minor" is statutorily defined to mean "an individual who is younger than 17 years of age" or "an individual whom the actor believes to be younger than 17 years of age." TEX. PENAL CODE ANN. § 33.021(a)(1). Section 33.021(d) provides that it is not a defense to prosecution that the meeting did not occur.

On appeal, Appellant's counsel has certified that after diligently searching the record, she has conducted a conscientious examination of the record and, in her opinion,

the record reflects no reversible error on which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In a letter, Appellant's counsel notified him of her motion to withdraw and provided him with a copy of the motion and the *Anders* brief. Appellant's counsel also provided a copy of the appellate record and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant filed a pro se response. The State has not filed a brief.

We have carefully reviewed counsel's *Anders* brief, Appellant's pro se response, and conducted an independent review of the record to determine whether there are any nonfrivolous issues that were preserved in the trial court which might support an appeal. Like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review, we conclude there are no plausible grounds for appellate review. Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[3]

Lawrence M. Doss
Justice

Do not publish.

---

[3] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.